**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KATI DEMPSEY,<br>*Plaintiff,*<br>v.<br>BERKADIA COMMERCIAL MORTGAGE, LLC,<br>*Defendant.* | No. 2:24-cv-06750 |

# MEMORANDUM OPINION

Presently before the Court are Plaintiff Kati Dempsey's Motion to Alter and Amend the Court's Judgment Pursuant to Fed. R. Civ. P. 59(e) ("Plaintiff's Motion") (Dkt. No. 69) and Defendant Berkadia Commercial Mortgage LLC's Motion for Judgment as a Matter of Law Under Rule 50(b) ("Berkadia's Motion") (Dkt. No. 72). For the reasons that follow, the Court will grant Plaintiff's Motion and deny Berkadia's Motion.

## I. Background

Relevant here, Plaintiff filed this suit against her former employer, Berkadia, asserting Berkadia violated the Americans with Disabilities Act (ADA) and the Pennsylvania Human Relations Act (PHRA).[1] *See* Complaint (Dkt. No. 1) at ¶ 1. Specifically, Plaintiff alleged Berkadia terminated her employment because of her migraines.

---

1 The parties agreed that the PHRA claim was encompassed by the ADA claim, such that the jury only had to consider the ADA claim. Transcript of Jury Trial Day 4 (Dkt. No. 67) at 35.

The matter was tried before a jury from July 20 to July 23, 2026. *See* Minute Entries (Dkt. Nos. 54–57). At the conclusion of its deliberations, the jury returned a verdict sheet with answers to five questions. The jury's first three findings were that (1) there was not a causal connection between Plaintiff's request for accommodations and Berkadia's decision to terminate Plaintiff's employment, (2) Plaintiff was a qualified individual under the ADA, and (3) Berkadia did not fail to provide Plaintiff with a reasonable accommodation that would have enabled her to perform the essential functions of her job. Verdict Sheet (Dkt. No. 61) at 1.

The jury's answers to Questions 4 and 5 are of particular importance to these post-trial motions. Question 4 asked: "Was [Plaintiff's] disability a motivating factor in Berkadia's decision to terminate her employment?" The jury answered "yes." *Id.* at 2. Question 5 asked: "If you find that [Plaintiff's] disability was a motivating factor in Berkadia's decision to terminate her employment, would Berkadia have terminated her employment even if [Plaintiff's] disability had played no role in the employment decision?" The jury again answered "yes." *Id.* This Court then ordered that judgment be entered in favor of Berkadia and against Plaintiff. Civil Judgment (Dkt. No. 64).

## II. Analysis

### A. Plaintiff's Rule 59(e) Motion

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff now asks this Court to enter judgment in her favor and against Berkadia. Plaintiff's Motion at 1.

Rule 59(e) "allows a litigant to file a motion to alter or amend a judgment" and

"gives a district court the chance to rectify its own mistakes in the period immediately following its decision." *Banister v. Davis*, 590 U.S. 504, 507–08 (2020) (quotation marks and citations omitted). "A proper Rule 59(e) motion [ ] must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010); *Twin City Fire Ins. Co. v. Glenn O. Hawbaker, Inc.*, 118 F.4th 567, 574 n.8 (3d Cir. 2024) (same).

Here, the jury's answers to Questions 4 and 5 establish two legally important findings: first, that the disability contributed to the termination decision, and second, that Berkadia would have made the same decision to terminate Plaintiff's employment regardless of the disability. The first conclusion establishes a statutory violation, while the second conclusion limits a plaintiff's available damages. Indeed, Berkadia "does not dispute that a motivating-factor finding establishes a statutory violation, or that the same-decision defense limits available remedies rather than eliminating the violation itself." Berkadia's Consolidated Memorandum of Law (Dkt. No. 73) at 10 (citing *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 589 U.S. 327, 337 (2020); *Watson v. SEPTA*, 207 F.3d 207, 218 (3d Cir. 2000)); *see also id.* at 14 ("Berkadia does not dispute [that] a motivating-factor finding establishes a statutory violation, while a same-decision finding limits the remedies available.").

Berkadia nevertheless contends that the "question on this Motion is not whether the jury found a statutory violation, but whether that finding,

notwithstanding the jury's same-decision finding, required the Court to enter Judgment for Plaintiff." *Id.* at 10. Berkadia, however, does not convincingly explain why entering judgment against Plaintiff did not constitute clear legal error. All agree the jury's finding established a statutory violation. And all agree this makes some remedies potentially available to Plaintiff. *See* Plaintiff's Brief in Opposition (Dkt. No. 76) at 3 ("Plaintiff does not dispute that the remedies available to Plaintiff following a same-decision [finding] are limited."); *see also* 42 U.S.C. § 2000e-5(g)(2)(B)(i) (after a same-decision finding, the court "may grant declaratory relief, injunctive relief ..., and attorney's fees and costs" but "shall not award damages or issue an order requiring any admission, reinstatement, hiring, promotion, or payment").[2]

In sum, the jury found a statutory violation in Plaintiff's favor and that violation means Plaintiff has some potential remedies available. It is difficult to see how a judgment would properly be in a *defendant's* favor when the jury finds that the defendant violated a statute, and that violation potentially entitles the plaintiff to certain (albeit limited) relief. Therefore, under the circumstances, the Court is constrained to grant Plaintiff's Motion.

Plaintiff's counsel is nevertheless cautioned that Berkadia correctly observes that the statute places the award of attorney's fees within the discretion of the Court. At trial, the evidence overwhelmingly demonstrated that Berkadia had a non-

---

[2] Although that section comes from Title VII, the "ADA explicitly relies on the 'powers, remedies, and procedures set forth in ... [42 U.S.C.] 2000e-5[.]'" *Labrice v. City of Philadelphia*, No. 19-cv-4377, 2025 WL 1508022, at *2 (E.D. Pa. May 27, 2025) (Brody, J.) (citing 42 U.S.C. § 12117).

discriminatory justification for terminating Plaintiff's employment. This was reflected by the jury's determination that Berkadia would have terminated Plaintiff's employment regardless of her migraines. That determination meant Plaintiff was not entitled to any monetary damages.[3] Further, Plaintiff did not seek declaratory or injunctive relief. Thus, only Plaintiff's *attorneys*—and not Plaintiff herself—stand to benefit at this point.

This Court can only award Plaintiff reasonable attorney's fees. 42 U.S.C. § 2000e-5(k). When assessing reasonableness, the "district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). The Supreme Court emphasized that "the most critical factor is the degree of success obtained." *Id.* at 436; *see also Lanni v. New Jersey*, 259 F.3d 146, 151 (3d Cir. 2001) (applying the *Hensley* standard to a claim for attorney's fees under the ADA). Here, after a trial lasting nearly a week, Plaintiff did not obtain any relief and her success was extremely limited.

**B. Berkadia's Rule 50(b) Motion**

Turning to the next motion before the Court, Berkadia now renews[4] its Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(b). Berkadia asserts that "no reasonable jury could find, on the trial record, that

---

[3] Additionally, the jury determined there was no causal connection between Plaintiff's request for accommodations and Berkadia's decision to terminate Plaintiff's employment, and that Berkadia did not fail to provide Plaintiff with a reasonable accommodation. Verdict Sheet at 1. This further demonstrates Plaintiff's lack of success.

[4] Berkadia first made a motion for judgment as a matter of law at the close of its case. *See* Transcript of Jury Trial Day 4 at 4–11.

Plaintiff's disability was a motivating factor in the decision to terminate Plaintiff's employment[.]" Berkadia's Motion at 3.

Awarding judgment as a matter of law "is proper only if the record is critically deficient of the minimum quantum of evidence needed to support the verdict." *Washington v. Gilmore*, 124 F.4th 178, 185 (3d Cir. 2024) (citation and quotation marks omitted). In Berkadia's view, the trial record was "critically deficient of the evidence required to sustain the jury's finding that Plaintiff's disability was a motivating factor" because the "sworn testimony of the only two witnesses to address the rationale for termination—Danielle D'Andrea and Sneha Onori—establishes that Plaintiff's employment was terminated for documented performance failures and that her migraines were not a factor in the decision." *Id.* at 2. Berkadia contends that the jury's finding to the contrary was based on Plaintiff's counsel's mischaracterizations of the evidence during closing arguments. *Id.*

Beginning with the testimony of the two witnesses, Berkadia emphasizes that both consistently testified that Plaintiff's migraines were not a factor in the decision to terminate her employment. The first witness was Danielle D'Andrea, the "decisionmaker who terminated Plaintiff's employment," and the second was Sneha Onori, the "HR Business Partner who participated in the termination call." Berkadia's Consolidated Memorandum at 3. Berkadia observes that they were "the only two trial witnesses with first-hand information as to the reason for Plaintiff's termination of employment (Ms. D'Andrea) and communications regarding same (Ms. Onori)." *Id.* In its Consolidated Memorandum, Berkadia goes through the testimony

of both witnesses in detail, demonstrating that both consistently denied that Plaintiff's migraines were a factor in her termination. *See id.* at 3–7. Consequently, Berkadia concludes that the trial record did not "permit a reasonable jury to find that disability itself actually played some part in the termination decision[,]" even taking all Plaintiff's evidence as true and drawing every reasonable inference in her favor. *Id.* at 21. Berkadia insists it is not asking the Court "to weigh credibility or accept Ms. D'Andrea's testimony merely because she denied discriminatory motive." *Id.* (citation omitted).

It is not necessary to rehearse here the detailed substance of the testimony in question, because—even completely accepting Berkadia's characterization of the testimony—Berkadia's argument still fails. The reason it fails is that, Berkadia's claim to the contrary notwithstanding, this Court would be usurping the role of the jury if it granted Berkadia's request.

When entertaining motions for judgment as a matter of law, courts "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Avaya Inc., RP v. Telecom Labs, Inc.*, 838 F.3d 354, 373 (3d Cir. 2016) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." (quoting *Reeves*, 530 U.S. at 150)).

Here, two Berkadia employees testified consistently that Plaintiff's migraines were not a factor in the decision to terminate Plaintiff's employment. The jury, however, was entitled to disbelieve that testimony. It would be inappropriate for the

Court to substitute its own credibility determination for that of the jury. Accordingly, Berkadia's argument does not entitle it to relief.

Berkadia also contends that Plaintiff's counsel's misrepresentations of Ms. D'Andrea and Ms. Onori's testimony provided the basis for the jury to reach a conclusion contrary to the evidence. Berkadia painstakingly compares the witnesses' testimony with the statements of counsel. *See* Berkadia's Consolidated Memorandum at 3–7; 17–18.

Here too, it is unnecessary to recount these statements in detail. Berkadia's argument does not entitle it to relief even if its characterizations are accepted as correct. This Court properly instructed the jury that the statements of counsel were not evidence, and that the jury must base its verdict solely on the evidence:

> It is up to you, the jury, and you alone, to decide the facts of this case and to determine the weight and credibility of evidence and of each witness.
>
> The evidence from which you are to find the facts consists of the following: The testimony of the witnesses; the documents and other things received as exhibits; the facts that are stipulated, that is, the ones that were formally agreed to by the parties.
>
> …
>
> The follow[ing] things are not evidence: Statements, arguments, and questions of the lawyers for the parties in the case, objections by the lawyers, any testimony I told you to disregard or struck from the record, and anything you may see or hear about this case outside of the courtroom.
>
> You must make your decision based only on the evidence that you see and hear in court.

Transcript of Jury Trial Day 4 at 54.

Courts "presume that jurors follow the instructions given to them by the trial

court." *Robinson v. First State Cmty Action Agency*, 920 F.3d 182, 191 (3d Cir. 2019) (citation omitted). Therefore, even accepting that Plaintiff's counsel's arguments were inappropriate, this argument does not entitle Berkadia to relief.

## III. Conclusion

For the foregoing reasons, the Court will grant Plaintiff's Motion and deny Berkadia's Motion. An appropriate order follows.

DATED: October 28, 2026

BY THE COURT:

GAIL A. WEILHEIMER, J.